NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JEANETTE PACI,

                        Plaintiff,

    v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Civil Action No. 15-02862 (SDW)

**OPINION**

November 30, 2015

**WIGENTON,** District Judge.

Before this Court is Plaintiff Jeanette Paci's ("Plaintiff" or "Paci") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner") that she is not disabled under sections 216(i) and 223(d) of the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court **AFFIRMS** the Commissioner's decision.

**I.    PROCEDURAL AND FACTUAL HISTORY**

    **A.  Procedural History**

On March 30, 2011, Plaintiff applied for Disability Insurance Benefits ("DIB") (R. 139), alleging disability as of December 4, 2010 based on anxiety, depression, panic disorder and migraines. (R. 177.) Plaintiff's application was denied both initially and upon reconsideration. (R. 85–100.) Plaintiff's subsequent request for a hearing before an administrative law judge

1

("ALJ") was granted, and a hearing was held before ALJ Elias Feuer ("ALJ Feuer") on December 10, 2012. (R. 24.) Plaintiff appeared and testified at the hearing. (R. 24–84.) On January 17, 2013, ALJ Feuer issued a decision finding Plaintiff was not disabled and denying her application for disability benefits. (R. 10–19.) On March 10, 2015, the Appeals Council denied Plaintiff's request for review of ALJ Feuer's January 17, 2013 decision, making it the Commissioner's final decision. (R. 1–5.) Plaintiff now seeks a reversal of the decision and asks this Court to grant her claim for DIB. (Compl. 2.)

    B. Factual History

        1. Personal and Employment History

Plaintiff was 54 years old at the time of ALJ Feuer's decision in 2013. (R. 27.) She graduated high school and has previously worked as a locker room attendant, cashier, delivery driver, and factory worker. (R. 153.) She most recently worked as a secretary for a local small business, but quit that job on December 4, 2010 because of a conflict with her employer. (R. 33-34.)

        2.Medical History

The record reflects that numerous medical doctors and healthcare practitioners examined Plaintiff in relation to her disability claim. (R. 234–325.) In addition, Plaintiff testified about her health during the hearing before ALJ Feuer. (R. 58–83.) The following is a summary of the medical evidence:

Plaintiff alleges that she is unable to work due to psychiatric ailments. (R. 177.) Specifically, Plaintiff contends that she suffers from anxiety, depression, panic disorder and migraines. (*Id.*)

Plaintiff sought treatment from Dr. Ramakrishna Gudapati ("Dr. Gudapati") from November 1, 2006 through November 7, 2012. (R. 268–88, 305.) On November 1, 2006, Dr.

2

Gudapati diagnosed Plaintiff with major depressive disorder, bulimia, and anxiety disorder. (R. 315–16.) During this time period, Dr. Gudapati reported that Plaintiff was doing well, was calm and cooperative, and not experiencing side effects due to the medication. (R. 268–88.) On October 5, 2010, Dr. Gudapati reported Plaintiff was depressed and having difficulties with her children as well as with her boss. (R. 281.) On March 30, 2011, Dr. Gudapati's notes show that Plaintiff quit her job a "couple months" prior because her boss was "difficult to deal with" and that Plaintiff reported feeling "sad and anxious." (R. 283.)

On March 28, 2012, Dr. Gudapati completed a Psychological/Mental Impairment Function Capacity Assessment ("Mental Assessment"). (R. 305–10.) The Mental Assessment indicated that Plaintiff suffered from major depressive disorder, bulimia, and anxiety. (R. 305.) Dr. Gudapati also opined that Plaintiff's impairments could be expected to last at least twelve months and anticipated that those impairments would cause Plaintiff to be absent from work more than three times a month. (R. 306-307.) Several months later, on November 7, 2012, Dr. Gudapati reported that Plaintiff had divorced, but was becoming close with her ex-husband, and she was "doing well." (R. 325.) Plaintiff reported no side effects from her medication, she was calm/cooperative, and her mood was euthymic. (*Id*.) Dr. Gudapati found no mania or psychosis. (*Id*.)

On July 14, 2011, on behalf of the Social Security Administration, Harold Goldstein, Ph.D. ("Dr. Goldstein") conducted a mental status examination of Plaintiff. (R. 265.) Dr. Goldstein found no evidence of psychomotor impairment and reported that Plaintiff exhibited normal speech and although she was neutral-mildly anxious, her affect was full and appropriate. (R. 267.) Dr. Goldstein also reported that "[t]here was no evidence of thought disorder-she was coherent and logical throughout the interview . . . Her social judgment was adequate and she was oriented to

time, place, [and] person." (*Id.*)  Dr. Goldstein ultimately diagnosed Plaintiff with panic disorder with agoraphobia and bulimia nervosa.  (*Id.*)

On July 20, 2011, Turhan Floyd, Ph.D. ("Dr. Floyd") reviewed Plaintiff's claim and opined that "[m]ental status testing indicated only moderate limitations at best. [Plaintiff] retains her ability to understand, remember, and follow simple instructions, make simple decisions, relate, adapt, and perform simple routine work related activities." (R. 97.)  On December 12, 2011, Monica Lintott, Ph.D. ("Dr. Lintott") reviewed the updated record and affirmed Dr. Floyd's assessment. (R. 109–10.)

Case Analyst Joseph M. Damico ("Damico") evaluated Plaintiff's claim on March 13, 2012, and opined that she was "markedly limited in understanding and limitations [Plaintiff] has severe problems with maintaining concentration, persistence and pace for extended periods of time . . . [she] is not able to sustain working a 40 hour work week." (R. 292.)  In contrast, on March 16, 2012, Thomas Yared, M.D. ("Dr. Yared") also conducted a case analysis and determined that although Plaintiff suffers from "moderate cognitive and social difficulties . . . [her] mood is euthymic at present. Affect is appropriate. No acute depression. Anxiety. Mania . . . No psychosis." (R. 293.)

### 3. Function Reports

In a self-function report dated April 20, 2011, Plaintiff stated that during the day she brings her daughter to school, takes out her dog, eats, potentially completes a limited number of errands, sometimes cooks dinner, and lays in bed throughout the day between tasks. (R. 183.)  Plaintiff also stated that she completes household chores such as cleaning the house and doing laundry. (R. 185.)  Plaintiff leaves her house at minimum once every other day.  When she does leave the house, she is able to go alone and to drive herself. (R. 185–86.)  Finally, Plaintiff stated in her function

report that she sometimes shops with her [ex] husband, can handle finances, and plays games on her phone throughout the day. (R. 186–87.) Salvatore Paci, Plaintiff's now ex-husband, also completed a function report on behalf of Plaintiff and corroborated most of Plaintiff's self-function report. (R. 191–98.)

### 4. Hearing Testimony

At the hearing conducted by ALJ Feuer on December 10, 2012, Plaintiff testified about her previous employment, mental conditions, treatments, and daily activities, all of which have been previously stated. (R. 27–79.) Plaintiff testified that she is unable to work in high-rise buildings that require the use of elevators, and that she has never worked "higher than ground level." (R. 39.) Plaintiff furthered testified that she often has panic attacks while working, limiting the hours she can work in a given day (R. 40–44, 48), and that she begins to sweat when required to stand in one place for a period of one hour. (R. 48–49.) A vocational expert did not testify at the hearing.

## II.    LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted).

Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla'; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.'" *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984) (citations omitted).

### B. The Five–Step Disability Test

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . . " 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 480 (3d. Cir. 2007). If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is

not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; SSR 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained

8

basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy. 20 C.F.R. §§ 404.1520(g)(1) (citing 404.1560(c)), 416.920(g)(1) (citing 416.960(c)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). At this point in the analysis, the SSA is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. DISCUSSION

At step one of the disability analysis, ALJ Feuer properly found that Plaintiff had not engaged in SGA since December 4, 2010, the alleged onset date of Plaintiff's disability. (R. 12.)

At step two, ALJ Feuer properly found that Plaintiff suffered from the following severe impairments: "generalized anxiety and depression." (*Id.*) In making this finding, ALJ Feuer considered Plaintiff's testimony and the medical record as a whole. (*Id.*) ALJ Feuer found that these severe impairments "significantly limit the claimant's mental and physical abilities to do one or more basic work activities. In addition, [Plaintiff's] impairments have lasted at a 'severe' level for a continuous period of more than 12 months." (*Id.*) ALJ Feuer's findings of severe impairment are supported by substantial evidence in the record. ALJ Feuer also correctly determined that there were no medical signs or laboratory findings to "substantiate the existence of migraines as a medically determinable impairment." (R. 12–13.)

At step three, ALJ Feuer properly determined that Plaintiff's impairments did not equal or exceed the impairments included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526.) ALJ Feuer properly found that Plaintiff's mental impairments did not meet or exceed the severity requirements set forth in listings 12.04 and 12.06 of the Listing Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13–14.) ALJ Feuer correctly found that the Paragraph B requirements were not satisfied. (*Id.*) First, ALJ Feuer found that Plaintiff had only mild restrictions in daily living activities. (R. 13.) ALJ Feuer cited to Plaintiff's testimony as well as the medical evidence in the record to conclude that Plaintiff is for the most part able to "engage in activities of daily living in an appropriate and effective manner, on an independent and sustained basis." (*Id.*) Plaintiff reported the ability to "perform household chores including vacuuming, cooking and taking her child to school. She further reported the ability to drive short distances." (*Id.*) Second, ALJ Feuer found that Plaintiff only had mild difficulties in social functioning. (*Id.*) Citing the evidence in the record and Plaintiff's testimony, ALJ Feuer noted that although her social circle is small, Plaintiff is able to

maintain friendships with previous coworkers. (*Id*.) Third, ALJ Feuer found that Plaintiff had only moderate difficulties with regard to concentration, persistence or pace. (*Id*.) Citing the above-listed evidence as well as Plaintiff's testimony, ALJ Feuer correctly determined that Plaintiff has only some difficulty in sustaining focus, attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings. (*Id*.) ALJ Feuer noted that Plaintiff was able to answer all questions asked of her at the hearing, which demonstrated the ability to concentrate in a stressful situation. (*Id*.) Lastly, ALJ Feuer properly found that Plaintiff has not experienced episodes of decompensation of an extended duration. Furthermore, there was no evidence to suggest that Plaintiff requires continuous inpatient care or that she is otherwise unable to leave her home. (*Id*.) Consequently, ALJ Feuer found that the evidence failed to establish the presence of the Paragraph C criteria. (R. 14.)

For the above reasons, ALJ Feuer properly found that Plaintiff's impairments did not equal or exceed the impairments in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Before undergoing the analysis in step four, ALJ Feuer determined Plaintiff's RFC. (R. 14–18.) ALJ Feuer properly found that Plaintiff has the RFC to perform a full range of work at all exertional levels. After careful consideration of the entire record, ALJ Feuer found, specifically, that:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but . . . [Plaintiff] is limited to hearing and understanding simple oral instructions and communication [sic] simple information; limited to simple work related decision [sic] and performing simple routine repetitive tasks represented by one to two step instructions; must avoid small confined spaces.

(R. 14.) In making this determination, ALJ Feuer considered both objective medical evidence, other evidence, and opinion evidence based on the requirements of 20 C.F.R. 404.1529 and

404.1527, and Social Security Rulings ("SSRs") 96-4p, 96-7p, 96-2p, 96-5p, 96-6p and 06-3p. (*Id*.) ALJ Feuer cited extensively to the testimony of Plaintiff, to function reports completed by Plaintiff as well as Plaintiff's ex-husband, the treatment and evaluative records of multiple doctors, as well as evaluations and determinations of the case analysts. (R. 14–18.) ALJ Feuer appropriately weighed the value of the testimony and medical records before him. (R. 14-18.) In light of the substantial evidence reviewed by ALJ Feuer, this Court finds that ALJ Feuer properly determined Plaintiff's RFC.

At step four, ALJ Feuer properly found that Plaintiff is capable of performing her past relevant work as a "cashier/customer service clerk, [l]ocker room attendant and diaper deliverer." (R. 18.) ALJ Feuer cited to Plaintiff's vocational background and Plaintiff's testimony to determine that her past relevant work qualified as "light unskilled occupation as generally performed" pursuant to the *Dictionary of Occupational Titles* ("DOT"). (R. 18–19.) ALJ Feuer concluded by stating that "[b]ased on the evidence of record . . . the above-described work is past relevant work because [Plaintiff] performed it within 15 years of the date of this decision, for a sufficient length of time to learn and provide average performance, and at the level of substantial gainful activity." (R. 19.) Because Plaintiff has the RFC to perform her past relevant work, she is not disabled as defined by the Social Security Act. (R. 12.)

## **CONCLUSION**

Because this Court finds that ALJ Feuer's decision is supported by substantial evidence in the record, the Commissioner's determination is **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties